SAMUEL MOORE

v.

DAVID O. C. N. SAYRE.

ALLEGATIONS AND PROOF.—The allegations and proof must correspond. The evidence in this case fails to show that there was any mistake or misdescription of the lands conveyed.

ERROR to the Circuit Court of Edgar county; the Hon. WILLIAM E. NELSON, Judge, presiding. Opinion filed September 9, 1879.

Messrs. BISHOP & McKINLAY and Mr. J. E. DYAS, for plaintiff in error; that allegations and proof must correspond, cited Carmichael v. Reed, 45 Ill. 108; Rowan v. Bowles, 21 Ill. 17; Wall v. Goodenough, 16 Ill. 415; White v. Morrison, 11 Ill. 361; Eyre v. Potter, 20 Curtis, 393; Knox v. Smith, 16 Curtis, 122; McKay v. Bissett, 5 Gilm. 499; Chaffin v. Heirs of Kimball, 23 Ill. 36.

Equity will not reform a deed where there is merely a mistake in law: Emory v. Mohler, 69 Ill. 221; Sutherland v. Sutherland, 69 Ill. 481; Wood v. Price, 46 Ill. 435; Gordere v. Downing, 18 Ill. 492; Broadwell v. Broadwell, 1 Gilm. 599; Beebe v. Swartout, 3 Gilm. 163; Ruffner v. McConnell, 17 Ill. 217; Coffing v. Taylor, 16 Ill. 457; Sickmon v. Wood, 69 Ill. 329.

Messrs. SELLAR & DOLE, for defendant in error.

Moore v. Sayre.

DAVIS, P. J.  This is a bill in chancery filed by the defendant in error against the plaintiff in error to obtain the correction of mistakes made in conveyances of lands. Defendant in error was the owner of the northeast quarter of section nineteen, in township sixteen north of range, eleven, west, except twenty acres off the north end of said quarter.   Of this portion of the quarter owned by him he sold one hundred acres off the north end to Nathan Yelton, and the bill charges that in the conveyance made for the land so sold, a mistake was made by the justice of the peace who drew the instrument, in describing the land as the northeast quarter of said section, except twenty acres off the north side and forty acres off the south side of said quarter.   Shortly afterwards Yelton sold and conveyed the same one hundred acres to the plaintiff in error, and the bill charges that in the conveyance from Yelton to Moore the same mistake was made in the description of the land by the scrivener who drafted it.

Defendant in error charges, that on a survey of the land as described in the two conveyances, it was discovered that the description included about three acres more ground than was sold, and intended to be conveyed.   Plaintiff in error, in his answer under oath, denies that any misdescription of the land intended to be conveyed was made in either of the conveyances.   Evidence was taken, and on the hearing, the court below found for the defendant in error, and granted him a decree correcting the mistakes made in the deeds.   This decree cannot be sustained.   The allegations and proofs do not correspond.   The material allegation in the bill is, that the scriveners who drafted the conveyances made a mistake in the description of the land, whereby it was made to include about three acres more than were intended to be conveyed.   There was no evidence to sustain this allegation, but, on the contrary, the proof showed affirmatively that no mistake in the description of the land was made by the scrivener, or any of the parties to the conveyances.   The land was described as it was intended to be described.   The same one hundred acres had been previously mortgaged by the defendant in error, by the same description, and that mortgage was furnished to the

scrivener by the defendant in error, with instructions to him to copy the same description in the deed to Yelton. The trouble between the parties does not arise from a misdescription of the land, or the conveyance of land different from that intended to be conveyed, but from the fact that the tract of land directed to be conveyed was discovered afterwards to contain a few more acres than it was at first supposed to contain.

Decree reversed.